NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BALJINDER KAUR; GURBIR SINGH, | No. 06-73356 |
| Petitioners, | Agency Nos. A095-399-055 |
| | A095-399-056 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:      CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Baljinder Kaur and Gurbir Singh, natives and citizens of India, petition for

review of the Board of Immigration Appeals' order dismissing their appeal from an

immigration judge's decision denying their application for withholding of removal

and protection under the Convention Against Torture ("CAT").  We have

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Singh-Kaur v. INS*, 183 F.3d 1147, 1149-50 (9th Cir. 1999), and we deny the petition.

Substantial evidence supports the agency's finding that Kaur's testimony that the police killed her father in 1991 was inconsistent with the affidavit from her town's sarpanch which stated that terrorists killed her father in 1999. *See Pal v. INS*, 204 F.3d 935, 938 (9th Cir. 2000) (inconsistencies between testimony and documentary evidence support an adverse credibility finding). Substantial evidence also supports the agency's finding that Kaur omitted from her asylum application declaration that police beat her four times during her first arrest, and that police arrested her a second time because she filed a complaint about the police to a human rights organization. *See Li v. Ashcroft*, 378 F.3d 959, 962-64 (9th Cir. 2004). The agency reasonably rejected Kaur's explanations for the inconsistencies and omissions. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007). Accordingly, in the absence of credible testimony, Kaur's withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Kaur's CAT claim is based on the same evidence the agency found not credible, and she points to no other evidence showing it is more likely than not

06-73356

she would be tortured if she returns to India, Kaur's CAT claim also fails.  *See id.*
at 1156-57.

**PETITION FOR REVIEW DENIED.**